OPINION of the Court, by
Ch. J. Edwards',
-The errors assigned call in question the pleadings between the parties. They are, indeed, very inartificially drawn; but, upon the whole, it appears that the merits of the ’ r r « i * • i*i r * case might have been iairly tried, which, after verdict, seems to us to be fully sufficient.
The first error assigned is, that the plaintiff declares, ss administrator, upon an assumpsit made to himself only. Were this the case k would not be error, provided it appeared that the assumpsit was made to him in his character of administrator, which sufficiently appears in this case.
The second error assigned is, that the declaration is substantially defective, and insufficient to support an action. To say the most of it, the claim, in the decía-ration, is only defectively set forth, and though it might fee taken advantage of on special demurrer, is not fatal after verdict. The declaration alleges thatthe defendant did hire of Thomas Samuel, in his lifetime, a negro woman for the space of one year, for which the defendant was to pay the deceased the sum of forty dollars : this alone would have been sufficient to support the verdict, but the plaintiff also states a subsequent acknowledgment and promise to pay the debt to him as administrator. The defendant pleads that he did not assumg upon himself in manner and form as the plaintiff hath alleged, and that he paid the debt to the intestate, in his lifetime, which he assumed to pay him. The plaintiff replied generally, that the defendant did not pay the debt in the declaration mentioned ; upon which issue was joined. These pleadings are questioned by the subsequent assignment of errors, which allege that the issue was immaterial, and that no issue was joined; but we are of opinion that the defendant had a full opportu-mty under these pleadings either to have proved payment to the intestate or the administrator, and whether it had been made to the one or the other it would have been sufficient to have discharged him. This being the case, there is no reason why he should now be permitted to lake advantage of matter of form, not for the purposes of *168 justice, but merely to harrass his adversary, or to procure a procrastination of the payment of a just debt,
Judgment affirmed, with costs and damages*, &c.

 Note, — Damages are allowed, by ftatute, upon affirmance of judgments or decree?, at the rate of ten pier centum on the amount due by the ju dgmtat or decree so affirmed*